IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OREGON NATURAL DESERT                           08-CV-576-BR
ASSOCIATION and WESTERN
WATERSHEDS PROJECT,                             OPINION AND ORDER

          Plaintiffs,

v.

PAT RYAN, Field Manager,
Malheur Resource Area, BLM;
DAVE HENDERSON, Vale District
Manager, BLM, BUREAU OF LAND
MANAGEMENT; and UNITED STATES
DEPARTMENT OF INTERIOR,

          Defendants.


PETER M. LACY
DAVID H. BECKER
Oregon Natural Desert Association
917 S.W. Oak St., Ste 408
Portland, OR 97205
(503) 525-0193
KRISTIN F. RUETHER

1 - OPINION AND ORDER

Advocates for the West
P.O. Box 1612
Boise, ID 83701
(208) 342-7024

        Attorneys for Plaintiffs

**DWIGHT C. HOLTON**
United States Attorney
**STEPHEN J. ODELL**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1024

        Attorneys for Defendants

**BROWN, Judge.**

        This matter is before the Court on Plaintiffs' (collectively

referred to as ONDA) Motion (#55) for Attorneys' Fees in the

amount of $118,578.50 and Motion (#55) for costs in the amount of

$563.19 under the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412(d)(1)(A) and (D)(2).

        For the following reasons, the Court **GRANTS in part** and

**DENIES in part** ONDA's Motion and **AWARDS** attorneys' fees to ONDA

in the amount of **$20,011** and costs in the amount of **$481.57**.


                          <u>BACKGROUND</u>

        On May 13, 2008, ONDA filed a Complaint alleging Defendants

(collectively referred to as BLM) violated the National

Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-61, and the

Federal Land Policy Management Act (FLPMA), 43 U.S.C. §§ 1701-85,

2 - OPINION AND ORDER

when it made grazing-renewal and vegetation-management decisions
authorizing reconstruction of water developments, construction of
additional barbed-wire fences and new water pipelines, and the
clearing of vegetation in the North Fork Malheur Geographic
Management Area (NFMGMA).

On July 17, 2008, BLM filed an Answer generally denying
ONDA's allegations and asserted several affirmative defenses.

On July 22, 2008, the parties filed a Joint Motion for Order
Adopting Stipulation to Avoid Motion for Temporary Restraining
Order and/or Preliminary Injunction (Stipulated Order) pending a
decision in the Ninth Circuit on appeal of this Court's adoption
of Magistrate Judge John Jelderks's Findings and Recommendation
(*see ONDA v. BLM,* 03-CV-1017-JE, 2005 WL 711663 (D. Or. Mar. 29,
2005)) that BLM management decisions affecting grazing and other
practices in other areas of South-Eastern Oregon did not violate
NEPA and/or FLPMA.  Under the proposed Stipulated Order, BLM
agreed not to authorize or to implement some of the projects that
were planned for the NFMGMA and "to maintain already constructed
or implemented projects sufficiently to avoid environmental
injury throughout the 2008 grazing season or until this Court
issues a decision on the merits."  ONDA "reserve[d] the right to
file a motion for preliminary injunctive relief should
circumstances change."  Stipulated Order at ¶ 5.

3 - OPINION AND ORDER

On July 25, 2008, the Court signed the proposed Stipulated Order and postponed further case-management deadlines.

On December 1, 2008, the Court ordered the parties to report periodically on the status of the appeal in the Ninth Circuit.

In January 2009 in their first Status Report, the parties advised the Court that the Ninth Circuit reversed this Court's Order adopting Magistrate Judge Jelderks's Findings and Recommendation in 03-CV-1017-JE and held BLM's management decisions violated NEPA and FLPMA.  *See Oregon Natural Desert Ass'n v. BLM,* 531 F.3d 1114 (9th Cir. 2008).  The Ninth Circuit, however, granted BLM's motion for a rehearing and appointed a mediator to facilitate settlement discussions.[1]

In July 2009 BLM reported the same NFMGMA grazing decisions were being addressed in a separate proceeding before the Department of Interior's Office of Hearings and Appeals. In that proceeding BLM moved to vacate the grazing decisions and to rescind other nongrazing decisions that are also at issue here.

In October 2009 BLM further reported to the Court that it did not intend to proceed with any of the projects ONDA was

---

[1] On August 31, 2010, the Ninth Circuit issued an amended decision adhering to the conclusion that BLM's analysis in that case did not comply with NEPA.  *Oregon Natural Desert Ass'n v. BLM,* 625 F.3d 1092 (9th Cir. 2010).

challenging in this case.   Thereafter BLM and ONDA entered into
settlement negotiations.

In March 2010 BLM reported to the Court that the case had
not settled and BLM intended to file a Motion to Dismiss ONDA's
claims with prejudice because the grazing decisions challenged by
ONDA in this case had been rescinded and, therefore, were no
longer justiciable.   On the other hand, ONDA reported to the
Court that it was considering whether to file an Amended
Complaint.

In May 2010, however, ONDA instead filed a Motion for
Voluntary Dismissal with Instructions pursuant to Federal Rule of
Civil Procedure 41(a)(2).   The "Instructions" proposed by ONDA
would have required BLM (1) to prepare a NEPA analysis before
taking further actions in the NFMGMA related to grazing, range
projects, or vegetation management; (2) to maintain the projects
that had been constructed or implemented in accordance with the
July 2008 Stipulated Order so as to avoid environmental injury
until BLM issued new NFMGMA decisions; and (3) to ensure that
ongoing grazing in the NFMGMA would comply with the Southeastern
Oregon Resource Management Plan's riparian management objective,
proper functioning condition, and water-quality standards.   ONDA
also urged the Court to retain limited jurisdiction to ensure BLM
complies with these conditions.

BLM responded by filing a Motion to Dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(1) in which BLM argued its
rescission of the challenged decisions mooted ONDA's claims.

On September 10, 2010, at the hearing on the above Motions,
the Court advised the parties it was inclined to deny ONDA's
Motion for Voluntary Dismissal because there had not yet been any
process in this case to justify the "Instructions" ONDA sought,
and to grant BLM's Motion to Dismiss with prejudice because
ONDA's Complaint depended on the existence of the reportedly
rescinded decisions.  In an Order (#47) issued September 10,
2010, the Court suggested to the parties a process for resolving
the case without prejudicing ONDA's right to seek attorneys'
fees:

> Defendants will file no later than
> September 24, 2010, a pleading establishing
> the withdrawal of the challenged [decisions].[2]
> Plaintiffs will file no later than October 8, 2010,
> any Motion to Amend; a Supplemental Complaint;
> or,  with Defendants' concurrence, a Stipulation
> in which the parties conclude this action should
> be dismissed.

On October 15, 2010, in response to the Court's suggestion,
the parties filed a Joint Motion for Voluntary Dismissal that
did not prejudice Plaintiffs' right to file a new action based
on events occurring after the dismissal of this action or to seek

---

[2] The Court's Order issued September 10, 2010, inadvertently
referred to the "withdrawal of the challenged motions."

6 - OPINION AND ORDER

an award of reasonable attorneys' fees and costs incurred in this action.

On October 19, 2010, the Court signed a Judgment of Dismissal in accordance with the terms of the parties' Joint Motion for Voluntary Dismissal.

At issue now is whether ONDA is a prevailing party entitled to a reasonable attorneys' fee and, if so, the amount of such an award.

## EAJA STANDARDS

### I.   ATTORNEYS' FEES

Under the EAJA, a plaintiff may recover attorneys' fees in an action against the government if (1) the plaintiff prevails in the action, (2) the government's litigation position was not substantially justified and no special circumstances make an award unjust, and (3) the requested attorneys' fees and costs are reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

### A.   Prevailing Party.

A plaintiff "'prevails' in the action when actual relief on the merits of the plaintiff's claim materially alters the legal relationship between the parties by modifying the [government's] behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1118 (9th Cir. 2000)(citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

7 - OPINION AND ORDER

"[E]nforceable judgments on the merits" and "settlement agreements enforced through a consent decree" that result in a modification of the government's behavior for the plaintiff's benefit "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted). *See also Farrar,* 506 U.S. at 113.

"[A] party that has failed to secure a judgment on the merits, or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" is not a prevailing party because such a voluntary change in conduct "lacks the necessary judicial *imprimatur* on the change." *Buckhannon Bd.,* 532 U.S. at 599-600.  *See also Perez-Arellano*, 279 F.3d at 793.

"In short, the judicial sanction must be an *enforceable entitlement* to relief."  *Klamath Siskiyou Wildlands Ctr. v. BLM*, 589 F.3d 1027, 1031 (9th Cir. 2009)(emphasis in original).  "It must 'allow[] one party to require the other party to do something it otherwise would not be required to do.'" *Id.* (internal citation omitted).

A "voluntary stipulation adopted by the district court" to stay certain proceedings" may earn the recipient of the stay

"'prevailing party status' so long as the stay was the 'primar[y] concern' of the case and secured the petitioner 'much of the relief he [had] sought.'"  *Id.* (citing *Carbonell v. I.N.S.,* 429 F.3d 894, 901 (9th Cir. 2005)).

Thus, "judicial *imprimatur*" of the court requires "a plaintiff [must] receive some form of judicially-sanctioned relief."  *Citizens for Better Forestry v. USDA.,* 567 F.3d 1128, 1132-33 (9th Cir. 2009).

B.    **Substantial Justification**.

In an EAJA case, the government bears the burden of demonstrating the government's position was substantially justified even though the plaintiff is the prevailing party. *Gonzales v. Free Speech Coal.,* 408 F.3d 613, 618 (9th Cir. 2005). "The test for whether the government [was] substantially justified is one of reasonableness."  *Id.* at 618 (quoting *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

The government "must have a reasonable basis both in law and in fact" for the litigation position it took.  *United States v. $100,348.00 in U.S. Currency,* 354 F.3d 1110, 1124 (9th Cir. 2004)(citing *United States v. 2659 Roundhill Drive,* 283 F.3d 1146, 1151 (9th Cir. 2002)).  See *also* 28 U.S.C. § 2412(d)(1)(A)(2)(D).

The government's position "'must be justified in substance or in the main,' - that is, justified to a degree that could satisfy a reasonable person."  *Gonzales*, 408 F.3d at 618 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'"  *Gonzales,* 408 F.3d at 618 (citing *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9ᵗʰ Cir. 1986)).

## C.    **EAJA Hourly Rate**.

The EAJA does not permit awards of attorneys' fee in excess of $125 per hour unless the court determines an annual increase in the cost of living or other special factors justify a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).

ONDA seeks reasonable attorneys' fees for legal services rendered from 2005 through 2010.  The Ninth Circuit has adjusted the base hourly rate for those years to account for inflation as follows:  2005-$156.79; 2006-$161.85; 2007-$166.46; 2008-$172.85; 2009-$172.24; and 2010-175.06.  *See* Statutory Maximum Rates Under the Equal Access to Justice Act, http://wwwca9.uscourts.gov/content/view.php?pk_id = 0000000039.

After the court has adjusted the hourly rate to account for inflation, the court may increase the hourly rate further if (1) the attorney has distinctive knowledge and skills

10 - OPINION AND ORDER

developed through a practice specialty, (2) those skills were

needed in the litigation, and (3) those skills were not be

available elsewhere at the statutory rate.  *Love v. Reilly,*

924 F.2d 1492, 1496 (9th Cir. 1991).  Environmental litigation

is considered a legal practice that may require specialized

knowledge.  *Id.*  *See also* 28 U.S.C. § 2412(d)(2)(A).

## II.   COSTS

A prevailing party under EAJA is entitled to a "judgment for

costs" pursuant to 28 U.S.C. § 2412(a)(1) and "expenses of

attorneys" pursuant to 28 U.S.C. § 2412(a)(2(b).  Expenses may

include costs incurred for the filing fee, copying, postage,

airfare, and lodging expenses.  *See Lozano v. Astrue,* No.

06-15935, 2008 WL 5875573 *2 (9th Cir. Sep. 4, 2008)(citing *Int'l*

*Woodworkers of Am., AFL-CIO v. Donovan*, 792 F.2d 762, 767 (9th

Cir. 1986)(affirmed an award of costs for telephone calls,

postage, air courier, and attorney travel expenses in an EAJA

action).

## DISCUSSION

## I.   ATTORNEYS' FEES

ONDA seeks attorneys' fees in the sum of $111,939.24.  BLM

asserts ONDA is not a prevailing party in this action and, thus,

is not entitled to any award of attorneys' fees.  In addition,

BLM challenges the amount ONDA seeks as attorneys' fees.

11 - OPINION AND ORDER

A.   **Prevailing Party**.

ONDA asserts it is a prevailing party in this action based on two Orders issued by the Court:  (1) On July 25, 2008, nine weeks after this action was filed, the Court signed the parties' Stipulation and Order to Avoid Motion for Temporary Restraining Order and/or Preliminary Injunction (July 2008 Stipulated Order) and (2) on September 10, 2010, the Court ordered BLM to file a pleading establishing the withdrawal of BLM's decisions challenged by ONDA (September 10, 2010, Order).

BLM, nevertheless, asserts ONDA is not entitled to an award of attorneys' fees because ONDA did not prevail on any issue or as to any claim in this case.

1.   **July 25, 2008, Stipulated Order**.

ONDA asserts the Court's July 25, 2008, Stipulated Order granted ONDA much of the relief it sought by enjoining BLM's grazing and construction activities during the summer of 2008.  ONDA contends the Stipulated Order, therefore, achieved ONDA's purpose in filing this action.

BLM, however, asserts ONDA did not prevail as to the July 25, 2008, Stipulated Order because BLM voluntarily agreed to the conditions set forth in the Stipulated Order, and, in addition, the Order was in effect for only three months during the 2008 grazing season.  Moreover, BLM argues ONDA only received

12 - OPINION AND ORDER

interim relief under this temporary stay, and, therefore, ONDA
was not a prevailing party.

        After reviewing the record, the Court concludes ONDA's
position is more persuasive because the July 25, 2008, Stipulated
Order avoided the risk that ONDA would seek a Temporary
Restraining Order and/or a Preliminary Injunction.  In any event,
the Stipulated Order prevented BLM from implementing projects
challenged by ONDA.  ONDA thereby obtained the relief it sought
for that year, which was a "primary concern of the case."  *See
Klamath Siskiyou Wildlands Ctr.*, 589 F.3d at 1031 (9th Cir.
2009).  In addition, by signing the July 25, 2008, Stipulated
Order, the Court sanctioned the parties' agreement and thereby
gave the "judicial imprimatur" that established ONDA's
enforceable right to the relief described in the Stipulated
Order.  *Id.  See also Carbonell,* 429 F.3d at 901.  Thus, the
Court concludes the July 25, 2008, Stipulated Order materially
altered the legal relationship between the parties because ONDA
could enforce the Court's Injunction Order against BLM.  *See
Fischer,* 214 F.3d at 1118.

        For these reasons, the Court concludes on this record
that ONDA is a prevailing party under EAJA and, therefore, is
entitled to an award of reasonable attorneys' fees incurred in
obtaining the relief set forth in the July 25, 2008, Stipulated
Order.

13 - OPINION AND ORDER

**2.   September 10, 2010 Order**.

ONDA also contends it is entitled to attorneys' fees
for its work that ultimately caused BLM to withdraw the proposed
grazing and construction projects and led to the dismissal of the
case.  The Court disagrees.  As noted, ONDA filed a Motion for
Voluntary Dismissal with Instructions in May 2010, which would
have required BLM to take specific actions relating to existing
grazing, range projects, and vegetation management in the NMFGMA.
BLM opposed ONDA's Motion and filed a Motion to Dismiss this
action with prejudice on the ground that ONDA's Motion was moot
because BLM previously rescinded the decisions challenged by ONDA
in this case.

As noted, during the September 10, 2010, hearing on the
motions the Court advised the parties it was inclined to deny
ONDA's motion and grant BLM's cross-motion.  The Court, however,
suggested a procedure to resolve the pending motions without
prejudicing ONDA's ability to seek an award of attorneys' fees
under the EAJA based on its Motion Dismiss.

Accordingly, although the Court entered a Judgment of
Dismissal, the Judgment did not include any of the "instructions"
sought by ONDA.  In the context of the pending Motion for
Attorneys' Fees, the Court, therefore, concludes the Judgment of
Dismissal entered on September 10, 2010, did not materially alter

14 - OPINION AND ORDER

the parties' relationship that existed as of the July 2008

Stipulated Order and did not grant ONDA any relief beyond that

set forth in the Order.  *See Fischer,* 214 F.3d at 1118.

For these reasons, the Court concludes ONDA was not a

prevailing party as a result of the Court's September 10, 2010,

Order dismissing this case, and, therefore, ONDA is not entitled

to attorneys' fees for legal services rendered on its behalf

after July 8, 2008.

> ### B.    **Substantial Justification**.

ONDA contends BLM's NFMGMA grazing decisions challenged by

ONDA were not substantially justified.  BLM has not specifically

addressed this issue.  During oral argument on the pending

Motion, BLM's counsel candidly acknowledged even though BLM's

position when it entered into the Stipulated Order for a

Temporary Restraining Order was substantially justified, the

issue of substantial justification for purposes of an EAJA

attorneys' fee award more broadly relates to BLM's underlying

land-management decisions challenged by ONDA.

The Court, therefore, agrees with ONDA that, in this

context, BLM's underlying land-management decisions, all of

which BLM subsequently rescinded, were not substantially

justified.

15 - OPINION AND ORDER

### C.   <u>Reasonable Attorneys' Fees</u>.

Based on the foregoing, the Court concludes ONDA is entitled to reasonable attorneys' fees for compensable services rendered on its behalf up to and including the entry of the Stipulated Order on July 25, 2008.  The Court also concludes ONDA is not entitled to attorneys' fees for the legal services that were rendered after July 25, 2008, that led to the September 10, 2010, Order.

### 1.   Compensable Services.

ONDA seeks attorneys' fees arising from the work of three attorneys:  Peter Lacy and David H. Becker, who, at all material times were employed by ONDA, and Kristin F. Ruether, who was employed by Advocates for the West.

ONDA filed its Complaint on May 13, 2008.  Although Lacy has presented time records reflecting the services that he rendered on ONDA's behalf as early as January 2005, the Court concludes the earliest date attorneys' fees reasonably began accruing is March 24, 2008, when Ruether sent an e-mail to Lacy "re: Litigation options."  Before that date, the attorneys' work appears to have focused on ONDA's involvement generally in administrative appeals of BLM's grazing decisions and NEPA claims.  As of March 24, 2008, however, the attorneys focused their attention on the litigation in this Court.  Because the Court also concludes ONDA is not entitled to an award of

16 - OPINION AND ORDER

attorneys' fees after July 25, 2008, when the Court entered

the Stipulated Order providing for injunctive relief, the

attorneys' fee award shall include reimbursement only for

the legal services rendered on this case by the three attorneys

during the timeframe of March 24, 2008, through July 25, 2008.

### 2. Reasonable Hourly Rates.

As of 2007 the Ninth Circuit had increased EAJA's $125

per hour base rate for attorneys' fees to $166.46 per hour

because of inflation.  From 2007 to 2008 the Ninth Circuit

increased it by 3.84 per cent to $172.85 per hour.

ONDA's attorneys have specific expertise in

environmental law.  *See* 28 U.S.C. § 2412(d)(2)(A).  To determine

the reasonable hourly rates for ONDA's attorneys, the Court

relies on the 2007 Oregon State Bar Economic Survey (Oregon 2007

Survey).  The Court also considers the attorneys' education and

experience.

The Oregon 2007 Survey reflects attorneys who practice

environmental law in Portland billed legal services at an average

hourly rate of $268.  Applying the Ninth Circuit's 3.84%

inflation adjustment of the EAJA base hourly rate from 2007 to

2008, the average hourly rate in 2008 for the practice of

environmental law in Portland would be $278.  The Court evaluates

the attorneys' fees claimed by ONDA's attorneys against that

benchmark as follows:

17 - OPINION AND ORDER

Peter Lacy.  Lacy graduated *cum laude* from
Northwestern School of Law of Lewis & Clark College in 2001, has
specialized in environmental-law cases since 2001, and has
represented ONDA in numerous cases.  He was appointed ONDA's
"senior attorney" in 2006.  For the 2008 timeframe at issue, Lacy
seeks an hourly rate of $272.50.

David Becker.  Becker graduated from Cornell Law
School *summa cum laude* in 1999 and has significant environmental-
law litigation experience.  He was first employed by ONDA in 2008
and has been ONDA's lead counsel in seven environmental cases
filed in the District of Oregon since January 2008.  For the
2008 period at issue, Becker seeks an hourly rate of $260.00.

Kristin Ruether.  Ruether graduated from
Northwestern School of Law of Lewis & Clark College in 2005
where she earned the Environment and Natural Resources Law
Certificate.  She has been employed as a staff attorney with
Advocates of the West since December 2007.  Her practice focuses
on livestock-grazing on public lands.  She was employed by
ONDA between 2005 and 2007, during which time she was either
lead counsel or co-counsel on all of ONDA's federal-court
litigation.  For the 2008 period at issue, Ruether seeks
$195.00 per hour.

18 - OPINION AND ORDER

The Court finds the hourly rate sought by each of the three attorneys representing ONDA in this matter for the 2008 period is reasonable and appropriate under EAJA.  Accordingly, ONDA is entitled to an award of attorneys' fees for the time those attorneys spent on this matter from March 24, 2008, through July 25, 2008, at the following hourly rates:  $272.50 for Lacy, $260.00 for Becker, and $195.00 for Ruether.

### 3.   Recoverable Attorneys' Fees.

Based on the time records submitted by ONDA's attorneys in support of the pending Motion, the Court finds ONDA is entitled to reasonable attorneys' fees for securing the July 25, 2008, Stipulated Order as follows:

> Lacy:      March 25, 2008 - July 25, 2008
> (37.13 hours x $272.50 = $10,118)
>
> Becker:    May 13, 2008 - July 23, 2008
> (3.7 hours x $260.00 = $962)
>
> Ruether:   March 31, 2008 - July 23, 2008
> (45.8 hours x $195.00 = $8,931).

Accordingly, the Court finds ONDA is entitled to reasonable attorneys' fees in the amount of $20,011 for services rendered in securing the July 25, 2008, Stipulated Order.

## II.  COSTS

ONDA seeks costs in the amount of $563.19.  ONDA's billing records, however, reflect it incurred a total of $481.57 in compensable costs between May 12, 2008, and July 25, 2008, relating to the July 25, 2008, Stipulated Order, comprising the

19 - OPINION AND ORDER

Complaint filing fee and parking - $359.25, postage in the amount

of $37.07, and the cost of a colored map reflecting the location

of the BLM projects that were halted as a result of the July 25,

2008, Stipulated Order in the amount of 85.25.

Accordingly, the Court concludes ONDA is entitled under EAJA

to reimbursement of costs in the amount of $481.57.


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in**

**part** ONDA's Motion (#55) for Attorneys' Fees and Costs and **AWARDS**

ONDA attorneys' fees in the amount of **$20,011** and costs in the

amount of **$481.57**.

IT IS SO ORDERED.

DATED this 16th day of March, 2011.


                                       /s/ Anna J. Brown
                                  _____
                                  ANNA J. BROWN
                                  United States District Judge